1   Marc E Hankin
    Hankin Patent Law APC
2   12400 Wilshire Boulevard Suite 1265
    Los Angeles, CA 90024
3   310-979-3600
    Fax: 310-979-3603
4   Email: marc@hankinpatentlaw.com

5   Matthew M. Wawrzyn (pro hac vice application
    forthcoming)
6   Wawrzyn LLC
    200 East Randolph Street, Suite 5100
7   Chicago, IL 60601
    312-235-3120
8   Fax: 312-233-0063

9   *Attorneys for*
    *VDPP LLC*

10

11              **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13

14   VDPP LLC,                          Case No. 8:20-cv-00030-JVS-KES

15          Plaintiff,                  **Reply Claim Construction Brief of**
                                         **VDPP LLC**
16      v.

17

18   VIZIO, INC.                        Date: April 5, 2021
                                        Time: 3:00 p.m.
19          Defendant.

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Contents**

**Introduction**……………………………………………………………………..1

**Argument**…………………………………………………………………………..2

I.      **"Storage" would be understood by one of ordinary skill in the art**
. ……………………………………………………………..…………2

II.     **The patents tell one of ordinary skill in the art to build a processor that**
**executes the steps to display a sharper video image**…………………..2

III.    **The baseline for claim construction is ordinary meaning**…………….3

**Conclusion**…………………………………………………………………5

1

## <u>Table of Authorities</u>

2

3    *BASF Corp. v. Johnson Mattley Inc.*,
         875 F.3d 1360 (Fed. Cir. 2017…………………………………………………….2

4

5    *Phillips v. AWH Corp.*,
         415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc)………………………….4

6

7    *Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*,
         844 F.3d 1370 (Fed. Cir. 2017)……………………………………………….2

8

9

10   Giles S. Rich,
         *The Extent of the Protection and Interpretation of Claims-American*
11       *Perspectives*, 21 Int'l Rev. Indus. Prop. & Copyright L., 497, 499 (1990)….5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Introduction

2

3          First principles of claim construction teach that the Court should read the

4  patent claims from the perspective of one of ordinary skill in the art. A court

5  construing the claims should do so as of the priority date of the patent. The Court

6  should read the claims terms in dispute in light of the intrinsic record.

7

8          In this case, this means that the Court should read the claims from the

9  perspective of an artisan of ordinary skill in the field of motion pictures. The

10  Court's construction of the claims should be as of January 23, 2001. The Court

11  should read the VDPP patents in light of the claim language as those words are

12

13  written, as well as in light of the specification and file history.

14

15          Those age-old rules drive at one concept. The Court should read the claims

16  standing in the shoes of a would-be licensee. Does this artisan need a license to the

17  VDPP patents? The claims cover the invention. The specification tells the artisan

18  how to build an example of the invention. Is the invention useful enough to obtain a

19

20  license, or could the would-be licensee improve on the invention or perhaps design

21  around the patent claims?

22

23          The Court should reject Vizio's proposed constructions because the

24  constructions are untethered to the intrinsic record. Vizio violates the basic rules of

25  claim construction.

26

27

28

## Argument

**I.      "Storage" would be understood by one of ordinary skill in the art.**

"Storage" conveys reasonable scope of the claims to one of ordinary skill in motion pictures. (VDPP Opening Br. (discussing *Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*, 844 F.3d 1370 (Fed. Cir. 2017); and *BASF Corp. v. Johnson Mattley Inc.*, 875 F.3d 1360 (Fed. Cir. 2017).)

VDPP emphasizes Federal Circuit precedent that teaches to read the disputed terms in light of the claim language and specification. According to *Sonix* and *BASF*, this Court should analyze the specification when assessing "storage." The Court should ask whether the ordinary artisan would be confused by this term. The answer is no. The artisan could consult, for example, Figures 4 and 8 and readily understand how the claims cover a "storage."

**II.     The patents tell one of ordinary skill in the art to build a processor that executes the  inventive steps to display a sharper video image.**

A processor that obtains a first image frame from a first video stream: this is part of the capacity of the claim 1 processor taught in the '444 patent.

Figures 4 and 8 discuss a computer that parses images and reads and writes to a storage.

Claiming the patents do not teach the various processor functions, Vizio ignores the intrinsic record.

## III.     The baseline for claim construction is ordinary meaning.

The term "image frame" needs no construction. In the field of motion pictures, "image frame" has an ordinary meaning.

For example, the '444 patent describes as follows: "FIGS. 23 *a*-**23** *c* shows two phases of an action, A & B, plus black bridge-frame C. We see the pictures separately in FIG. 23 *a*; made sequentially adjacent to each other in FIG. 23 *b* and presented as a repeating series of pictures, as a "loop" or "cycle", in FIG. 23 *c*." ('444 patent, col. 42:19-23.)

Vizio proposes that "image frames" in the claims must be "perceptible and complete image[s] of the full span of the entire frame." (Doc. 23-1 (Joint Statement) at 6.)

The claim language is of primary importance in this claim construction proceeding. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) ("Quite apart from the written description and the prosecution history, the claims themselves provide substantial guidance as to the meaning of particular claim terms.").

In this case, the asserted claims define each frame as a single unit: "obtain a first image . . . ." ('444, col. 47:44.) When these images form a plurality, the claim designates the images as a collection: "a storage adapted to: store one or more image frames." (*Id.*, col. 47:41-42.)

Reply Claim Construction Brief by
VDPP LLC

3

Case No. 8:20-cv-0030-JVS-KES

1      The word "perceptible" does not appear in the claim language. This

2   "perceptibility" requirement does not appear in the specification.

3

4      Vizio's added requirement is confusing. To whom is the image frame

5   perceptible? The viewer? The director cutting film? Vizio seems to want the jury to

6   understand that each image frame is a definable unit. The claim language and Figure

7   23 teach that this is the case. One of ordinary skill the motion picture arts knows this

8   by reading the claim.

9

10      The "perceptibility" requirement is antithetical to the invention claimed. The

11   claims teach a novel way to trick the viewer's perception: "Selective focusing and

12   shift in real-life visual experience, selectively attending to the 3-D figures creates in

13   the mind, while ignoring—helped by a 'dominant eye'—the remaining non-

14   overlayed and doubled flat figures remaining in the twin fields of vision, peripheral

15   to the focus of attention." ('444 patent, col. 46:17-22.)

16

17      There is no reason for the Court to construe "is different from" and "display."

18   Anyone who understands spoken English would understand what these terms mean.

19   In the asserted claims, the disputed phrase—to which Vizio seeks to add gloss—

20   would be understood by one of ordinary skill in the art as the phrase would be

21   understood by any precocious child: "the bridge frame is different than the first

22   image frame . . . display the blended image frame . . . ." ('444, 47:49-54.)

23

24

25

26

27

28

1   Giles S. Rich, *The Extent of the Protection and Interpretation of Claims-*
2   *American Perspectives*, 21 Int'l Rev. Indus. Prop. & Copyright L., 497, 499 (1990)
3   ("To coin a phrase, *the name of the game is the claim*.").
4
5   Here, the claims include the requirement "obtain a first image from a first
6   video stream." The claim requires a source of the first image frame: "a first video
7   stream." (Doc. 23-1 (Joint Statement) at 8.) The first patent in this family of
8   patents—the '902 patent—taught obtaining moving pictures displayed on electronic
9   media. (*Id.* at 8-9.)
10
11   Thus, the claim language requires video ("moving pictures") from a stream.
12   Vizio's construction overlooks the claim requirements.
13
14   **Conclusion**
15
16   Because the patent claim terms have an ordinary meaning that communicates
17   the scope of the claims, the Court should enter an order that affirms the ordinary
18   meaning as reflected in VDPP's proposals.
19
20   The Court should reject Vizio's different attempts to insert defenses into the
21   claim terms.
22
23
24
25
26
27
28

Reply Claim Construction Brief by
VDPP LLC

5

Case No. 8:20-cv-0030-JVS-KES

1    Date: <u>March 15, 2021</u>

                                                */Marc E. Hankin/*

2                                                  Marc E Hankin
         Hankin Patent Law APC

3             12400 Wilshire Boulevard Suite 1265
         Los Angeles, CA 90024

4             310-979-3600
         Fax: 310-979-3603

5             Email: marc@hankinpatentlaw.com

6             Matthew M. Wawrzyn (pro hac vice
         application forthcoming)

7             Wawrzyn LLC
         200 East Randolph Street, Suite 5100

8             Chicago, IL 60601
         312-235-3120

9             Fax: 312-233-0063
         Email: matt@wawrzynlaw.com

10            *Attorneys for*
         *VDPP LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply Claim Construction Brief by VDPP LLC      6     Case No. 8:20-cv-0030-JVS-KES